**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Kitko,<br><br>           Petitioner,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>           Respondents. | No. CV-23-02103-PHX-MTL<br><br>**ORDER** |

Petitioner Frank Kitko ("Petitioner") was convicted in the Arizona Superior Court, Maricopa County, of two counts of aggravated assault. (Doc. 29 at 1.) He is serving a twelve-year sentence for the convictions. (*Id.*) On October 10, 2023, Petitioner submitted his Petition for Writ of Habeas Corpus (the "Petition") with this Court. (Doc. 1.) Petitioner also requested the Court stay proceedings pending the outcome of ongoing, successive post-conviction relief ("PCR") proceedings in Arizona state court. (Doc. 23.)

Magistrate Judge Michael T. Morrisey issued a Report and Recommendation ("R&R"), recommending Petitioner's motion for a stay be denied and his Petition be denied and dismissed with prejudice. (Doc. 29). Petitioner filed his Objections to the R&R (Doc. 30), and Respondents filed their reply (Doc. 32). The Court now rules.

**I.     BACKGROUND**

The R&R recounts the factual and procedural history of this case, including the underlying state court proceedings. (Doc. 29 at 1-5.) Neither party has objected to this portion of the R&R, and the Court hereby accepts and adopts it. *United States v.*

*Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Petitioner asserts one ground for relief in his Petition, arguing the trial court deprived him of his Sixth Amendment right to trial by an unbiased jury when it rejected his challenge to the jury panel. (Doc. 1 at 44-48.) Petitioner filed a Motion to Stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), so he may exhaust three claims raised in successive, pending PCR proceedings. (Doc. 23.)

The R&R recommends denying Petitioner's motion because the pending claims are either actually or technically exhausted, meaning the Petition is not "mixed" and a *Rhines* stay is unavailable. (Doc. 29 at 7-12.) The R&R also recommends denying and dismissing the Petition because the state court's resolution of his Sixth Amendment claim "was neither contrary to, nor an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of facts." (*Id.* at 13.) And therefore, Petitioner failed to show he is entitled to habeas relief. (*Id.*) Petitioner raises several objections to both recommendations. (Doc. 30.)[1]

## II.    LEGAL STANDARD

In reviewing an R&R, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). But district courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). "[T]he district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *Reyna-Tapia*, 328 F.3d at 1121 (emphasis in original). This de novo review requirement applies only to "the portions of the [Magistrate Judge's] recommendations to which the parties object." *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009). Such objections must be "specific." Fed. R. Civ. P. 72(b)(2).

---

[1] Respondents argue this Court should overrule Petitioner's objections in full because they are not specific and merely repeat the arguments raised in the Petition. (Doc. 32 at 2.) Respondents' point is well-taken, as *de novo* review of the entire R&R "defeats the efficiencies intended by Congress." *Sullivan v. Schriro*, No. CV-04-1517-PHX-DGC, 2006 WL 1516005, at *1 (D. Ariz. May 30, 2006). Nonetheless, the Court addresses each of Petitioner's objections.

## III. DISCUSSION

### A. Motion to Stay

Petitioner asks the Court to stay proceedings pending exhaustion of three other claims raised in pending, successive PCR proceedings. (Doc. 30 at 2-3; Doc. 23.)

#### 1. Legal Standards

##### i. *Rhines* Stay

Under *Rhines v. Weber*, the Court may stay habeas proceedings and hold the petition in abeyance when it contains both exhausted and unexhausted claims. 544 U.S. at 271-79. The stay and abeyance procedure permits the petitioner to return to state court and exhaust his unexhausted claims so the habeas court can review the fully exhausted petition. *Id.* A *Rhines* stay is proper only if the petitioner shows (1) "good cause" for the failure to exhaust, (2) the unexhausted claim is "potentially meritorious," and (3) the petitioner did not "engage[ ] in intentionally dilatory litigation tactics." *Id.* at 277-78. Because a *Rhines* stay applies solely to a petition containing both exhausted and unexhausted claims, *i.e.*, a mixed petition, district courts must first decide whether any claims the petitioner seeks to exhaust are unexhausted. *See King v. Ryan*, 564 F.3d 1133, 1140 (9th Cir. 2009); *see also Bearup v. Shinn*, No. CV-16-03357-PHX-SPL, 2023 WL 1069686, at *2 (D. Ariz. Jan. 26, 2023).

##### ii. Exhaustion

Petitioner's § 2254 Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which requires petitioners to exhaust the remedies available in state court before pursuing relief in federal court. 28 U.S.C. § 2254(b)(1)(A). A petitioner has not exhausted a claim "if he has the right under the law of the State to raise, by any available procedure, the question presented" in state court. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citing 28 U.S.C. § 2254(c)); *see also Kipp v. Davis*, 971 F.3d 939, 947 n.4 (9th Cir. 2020). A petitioner satisfies the exhaustion requirement if: "(1) he has fairly presented his federal claim to the highest state court with jurisdiction to consider it, or (2) he demonstrates that no state remedy remains available." *Johnson*, 88 F.3d at 829 (cleaned up).

For non-capital cases in Arizona, a habeas petitioner presents his claim to the highest court by presenting it to the Arizona Court of Appeals in a direct appeal or through post-conviction relief. *See Kyzar v. Ryan*, 780 F.3d 940, 947 (9th Cir. 2015) (citing *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999) (per curiam)). To properly present claims before the Arizona Court of Appeals, the petitioner must include a description of "the operative facts and the federal legal theory on which his claim is based so that the state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim." *Walden v. Shinn*, 990 F.3d 1183, 1196 (9th Cir. 2021) (quoting *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008)).

### iii.   Procedural Default

"Exhaustion and procedural [default] are closely related, but distinct, doctrines." *Cooper v. Neven*, 641 F.3d 322, 327 (9th Cir. 2011). A claim may be procedurally defaulted expressly or by implication. "An implied procedural bar . . . occurs when the petitioner has failed to fairly present his claims to the highest state court and would now be barred by a state procedural rule from doing so." *Robinson v. Schriro*, 595 F.3d 1086, 1100 (9th Cir. 2010). Claims that are impliedly defaulted are also considered technically exhausted because the petitioner no longer has an available state remedy. *See Coleman v. Thompson*, 501 U.S. 722, 732 (1991) ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no remedies any longer 'available' to him."). A claim is expressly defaulted when raised in state court, and the state court finds the claim is barred on state procedural grounds. *Id.* at 729-30. "The procedural bar on which the state court relies must be independent of federal law and adequate to warrant preclusion of federal review." *Martinez v. Ryan*, 926 F.3d 1215, 1224 (9th Cir. 2019).

### iv.   Cause and Prejudice under *Martinez v. Ryan*

A federal court may excuse default and consider a procedurally defaulted claim if the petitioner "demonstrate[s] cause for the default and actual prejudice." *Lee v. Thornell*, 108 F.4th 1148, 1155 (9th Cir. 2024). The United States Supreme Court has held that

ineffective assistance of post-conviction counsel may, in some circumstances, excuse the default of a claim for ineffective assistance of trial counsel in federal habeas cases. *Martinez v. Ryan*, 566 U.S. 1, 9 (2012).

> Under *Martinez*, a petitioner may establish cause for procedural default of a trial IAC claim, where the state (like Arizona) required the petitioner to raise that claim in collateral proceedings, by demonstrating two things: (1) counsel in the [PCR] proceeding, where the claim should have been raised, was ineffective . . . , and (2) the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

*Cook v. Ryan*, 688 F.3d 598, 607 (9th Cir. 2012) (cleaned up).

    **2.    Analysis**

The R&R recommends denying the motion to stay because the three claims raised in pending PCR proceedings "are either actually or technically exhausted," and therefore the Petition is not mixed, making a *Rhines* stay unavailable. (Doc. 29 at 11-12.) The R&R also concludes that "*Martinez* does not entitle a defendant to raise precluded claims in state court." (*Id.* at 11.)

In his first claim before the PCR court, Petitioner argues his right to a unanimous jury was violated. (Doc. 1 at 48.) The R&R found the claim procedurally barred under state law because it was finally adjudicated on the merits during Petitioner's direct appeal. (Doc. 29 at 9.) Petitioner's second claim pending in successive PCR proceedings alleges prosecutorial misconduct. (Doc. 1 at 49; *see also* Doc. 22-4 (arguing the "Prosecutor's duplicitous charge" and "express statements for non-unanimity" constitutes prosecutorial misconduct).) The Magistrate Judge determined that Petitioner failed to raise this claim in either his direct appeal or in his first round of PCR, and therefore, the claim "is 'technically' exhausted but procedurally defaulted because Petitioner no longer has an available state remedy." (Doc. 29 at 10.) And lastly, Petitioner's third claim alleges several instances of ineffective assistance of counsel. (Doc. 1 at 48-49.) The Magistrate Judge determined that these claims "would be found waived under Rule 32.2(a) because they do not fall within

an exception to preclusion." (Doc. 29 at 10-11.)

Petitioner generally objects to the R&R's conclusion that his successive claims are procedurally barred, arguing the Arizona Court of Appeals should have the opportunity to address the merits of his claims. (Doc. 30 at 2-3, 6.) As observed in the R&R, it is this Court's role to determine whether Petitioner has an available remedy in state court by assessing the likelihood the state court will hear Petitioner's claims on the merits. *Phillips v. Woodford*, 267 F.3d 966, 974 (9th Cir. 2001). And in this instance, Petitioner has failed to show that the Arizona Court of Appeals is likely to entertain the merits of his claims.

Under Rule 32.2 of the Arizona Rules of Criminal Procedure, a constitutional claim cognizable under Rule 32.1(a) is precluded if it was "finally adjudicated on the merits in an appeal or in any previous post-conviction proceeding" or "waived at trial or on appeal." Petitioner's non-unanimous verdict and prosecutorial misconduct claims were finally adjudicated on the merits during his direct appeal. (Doc. 22-1 at 134-35.) Therefore, Petitioner is procedurally barred from raising these claims in a successive proceeding.[2] Ariz. R. Crim. P. 32.2(a)(2). And because Petitioner never raised his successive IAC claims either in his direct appeal or through PCR, those claims are deemed waived. Ariz. R. Crim. P. 32.2(a)(3); *see also State v. Spreitz*, 202 Ariz. 1, 2 (2002) (en banc) (explaining that as to claims of ineffective assistance of trial counsel, Arizona's "basic rule is that where ineffective assistance of counsel claims [were] raised, or could have been raised, [on the first PCR], subsequently raised claims of ineffective assistance will be deemed waived and precluded").[3]

Petitioner also argues that "claims permitted under Rule 32.4 should not be denied federal review if they are addressed on the merits in state court because it was not

---

[2] To the extent Petitioner's prosecutorial misconduct claim was not finally adjudicated on the merits, it is precluded as waived under Ariz. R. Crim. P. 32.2(a)(3) because Petitioner did not raise it in his direct appeal or first round of PCR.

[3] Indeed, this conclusion is bolstered by the state court decision summarily dismissing Petitioner's successive PCR petition. (Doc. 22-4 at 280-83.) Therein, the state trial court recognized that his non-unanimous verdict/duplicitous charge claims were precluded since "the Court of Appeals addressed the issue in passing." (*Id.* at 282.) And as to Petitioner's IAC claims, the court explained that Petitioner "wholly failed" to demonstrate why his claims were not made in a timely fashion and dismissed the allegations as "untimely to the extent they [were not] precluded." (*Id.* at 283.)

- 6 -

procedurally barred in state court." (Doc. 30 at 3.) As correctly reasoned in the R&R, the mere fact that the state trial court also addressed the merits of Petitioner's non-unanimous verdict claim—in an alternative holding—does not defeat Rule 32's procedural bar. *See Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989) (explaining that district courts must "honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law" and addresses the merits "in an *alternative* holding").

Petitioner contends the Magistrate Judge's "reading of Rule 32 is too narrow," and the untimeliness of his successive PCR petition should be excused because he is not at fault for the delay. (Doc. 30 at 2-3.) But Petitioner offers no support for this argument, no evidence regarding his delay, and no explanation as to how the timeliness of his successive petition militates against the R&R's finding that his successive claims are procedurally barred either because they were "finally adjudicated on the merits" or "waived."

And finally, Petitioner states "*Martinez v. Ryan* provides an equitable avenue for relief where PCR counsel is ineffective." (Doc. 30 at 3.) But "*Martinez* pertains to federal habeas actions," and "does not entitle [the petitioner] to raise precluded state claims." *State v. Evans*, 252 Ariz. 590, 597 (App. 2022). In other words, *Martinez* does rescue Petitioner from the procedural bars imposed by Rule 32, nor does it discredit the R&R's finding that all of Petitioner's successive claims are either actually or technically exhausted, and therefore, his § 2254 Petition is not a "mixed" petition.

In sum, the Court agrees with the Magistrate Judge's reasoning in the R&R and hereby accepts and adopts it. Because Petitioner's successive claims are actually or technically exhausted, a *Rhines* stay is unavailable and the request will be denied. *Greer v. Ariz. Att'y Gen.*, No. CV 04-1265-PHX-JAT, 2006 WL 2553403, at *7 n.8 (D. Ariz. Sept. 1, 2006) (denying request for a stay and abeyance where the Petitioner's claims were procedurally defaulted under state law, and therefore, "it would be futile for Petitioner to return to state court to attempt to exhaust her claims").

B.   **Petitioner's § 2254 Petition**

The Court now turns to Petitioner's objection to the R&R's recommendation that

his § 2254 Petition be denied and dismissed.

### 1. Legal Standard

Under AEDPA, a federal court "shall not" grant habeas relief with respect to "any claim that was adjudicated on the merits in State court proceedings" unless the state court decision was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established precedent if (1) "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent." *Williams*, 529 U.S. at 404-05.

> A state court's decision can involve an "unreasonable application" of Federal law if it either 1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or 2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable.

*Hernandez v. Small*, 282 F.3d 1132, 1142 (9th Cir. 2002) (citation omitted).

"[A] federal habeas court may not issue [a] writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must be objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003) (citations and quotations omitted).

### 2. Analysis

In Ground One, Petitioner alleges his Sixth Amendment rights were violated when the trial court rejected his challenge to the jury panel, thereby depriving him of his right to an unbiased jury. (Doc. 1 at 44-48.) Petitioner exhausted this claim in his direct appeal to the Arizona Court of Appeals. (Doc. 22-1 at 131-35.) Reviewing for an abuse of discretion,

the Arizona Court of Appeals stated that trial courts have "considerable discretion in evaluating claims that remarks tainted the panel because [they are] in the best position to assess the[] impact on the jurors." (*Id.* at 133 (citation omitted).) In holding that the superior court did not abuse its discretion in denying Petitioner's motion to strike the panel, the court explained:

> Nothing in the record shows that the remarks by some panel members during *voir dire* influenced the jury's verdict. Kitko cites no specific evidence that any juror was tainted by the remarks and, instead, relies upon speculation, which is insufficient to show that he was denied a fair and impartial jury.
>
> Indeed, the record rebuts any assertion that the jury was tainted. The court repeatedly instructed the prospective jurors – and the jury, after selection was complete – that Kitko was presumed innocent unless the State proved otherwise beyond a reasonable doubt. Indeed, when the boot issue arose during *voir dire*, the court meticulously illustrated the presumption of innocence by informally quizzing the venire panel about their views of the matter [a]t this stage of the game.
>
> Further, both the prosecutor and defense counsel reminded the jury during closing arguments that Kitko was presumed innocent and the State had the burden to prove his guilt beyond a reasonable doubt.

(*Id.* at 134 (citation and quotation marks omitted).)

The R&R determined that the "appellate court's denial of [Petitioner's biased jury] claim was neither contrary to, nor an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of facts." (Doc. 29 at 13.) Objecting to the R&R, Petitioner argues "[t]he Magistrate did not consider the weight and force of outside opinions' influence on the remaining jurors as mandated by *Irvin* and *Parker*," and instead, "applied the strict *Irvin* rule without analysis of the exception." (Doc. 30 at 6.) Petitioner contends that pursuant to *Irvin v. Dowd*, 366 U.S. 717 (1961), and *Parker v. Gladden*, 385 U.S. 363 (1966), "the strength and veracity" of the prospective jurors' opinions "overcomes the presumption of impartiality." (Doc. 30 at 5.) Petitioner asserts that "because the 'build-up of prejudice was clear and convincing," the Arizona Court of Appeals should not have afforded the trial court such broad deference. (*Id.*)

In *Irvin*, the United States Supreme Court considered whether the defendant's Sixth Amendment right to an unbiased jury was violated when media accounts extensively covered the charged murders. 366 U.S. at 725-26. The Court held that the defendant's trial fell short of constitutional standards of impartiality, as eight of the twelve jurors admitted they believed the defendant was guilty before hearing any evidence. *Id.* at 727-28. Addressing a similar issue in *Parker*, the United States Supreme Court held that the bailiff's statements to jurors—that the defendant was a "wicked fellow" and guilty, and that the Supreme Court would correct any error in finding the defendant guilty—violated the defendant's Sixth Amendment rights to trial by an impartial jury and to confront witnesses against him. 385 U.S. at 363-65.

The allegations in the Petition in no way mirror the magnitude of constitutional injury at issue in *Irvin* and *Parker*. In this case, the trial court repeatedly inquired into the prospective jurors' ability to serve impartially, notwithstanding any personal experience they may have had regarding medical boots, throughout *voir dire*. (Doc. 22-7 at 16-26; Doc. 22-8 at 4-20.) During trial, the trial court repeatedly advised the panel of the State's burden of proof, the presumption of innocence, and the jurors' obligation to remain impartial. (*See, e.g.*, Doc. 22-8 at 5-22; Doc. 22-12.) During closing arguments, both the State and defense counsel reminded the jury of the State's burden and that Petitioner was presumed innocent. (Doc. 22-1 at 134.) Notably, none of the prospective jurors who either had experience with or received medical advice concerning medical boots were seated as jurors. (*Id.* at 133.) And there is no evidence that the jury panel was tainted by the comments of any prospective juror. The Arizona Court of Appeals considered all the above in affirming the trial court's denial of Petitioner's motion to strike the jury panel. (*Id.* at 131-35.)

The Court ultimately agrees with the reasoning in the R&R and the Magistrate Judge's conclusion that the Arizona Court of Appeals' resolution of this claim was neither contrary to, nor an unreasonable application of, clearly established federal law, nor based on an unreasonable determination of the facts. (Doc. 29 at 16.) Because Petitioner failed to

show the state court decision was objectively unreasonable, Petitioner is not entitled to habeas relief on his Sixth Amendment claim.

### C. Certificate of Appealability

Before Petitioner can appeal this Court's judgment, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1). A certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing is made when the resolution of an issue of appeal is debatable among reasonable jurists, if courts could resolve the issues differently, or if the issue deserves further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). Upon its own review of the record considering the standards for granting a certificate of appealability, the Court agrees with the R&R's conclusion and will not issue a certificate of appealability.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Petitioner's objections (Doc. 30) are **overruled** and the Report and Recommendation (Doc. 29) is **accepted** and **adopted**.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **denied** and **dismissed** with prejudice.

**IT IS FURTHER ORDERED denying** the issuance of a certificate of appealability because jurists of reason would not find this Court's ruling debatable, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), and Petitioner has not made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2).

**IT IS FURTHER ORDERED** denying Petitioner's Motion to Stay Proceedings (Doc. 23).

. . . .

. . . .

. . . .

. . . .

**IT IS FINALLY ORDERED** directing the Clerk of Court to enter judgment and terminate this case.

Dated this 6th day of June, 2025.

Michael T. Liburdi
United States District Judge